## G. E. WILD

v.

## HENRY FRY AND FRED WASMER.

*Mortgages—Sales of Mortgaged Property—Proceeds Received in Trust for Mortgagee—Breach of Trust—Surrender of Mortgage Secured by Fraud—Remedy of Mortgagee.*

1. The proceeds of the sale at auction, of property mortgaged to plaintiffs, having, by previous arrangement, come into the hands of defendant, he, by fraudulent representations, induced plaintiffs to receive

a new mortgage on other property of the mortgagor in satisfaction of their claim: *Held*, that defendant was guilty of a breach of trust and that plaintiffs could recover from him in any appropriate form of action the money he had received in trust for them.

2.   Upon the case presented, it was not necessary for plaintiffs to show that they had not received anything on the new mortgage nor to tender the same back.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of Iroquois County; the Hon. N. J. PILSBURY, Judge, presiding.

Messrs. PAYSON & OREBAUGH, for appellant.

Mr. S. S. CONE, for appellees.

Mr. JUSTICE CARTWRIGHT.   Appellees sued appellant for money received by him as proceeds of a sale of property mortgaged to them by Richard Heisler.   Appellant pleaded that appellees had accepted a new mortgage made by said Heisler in full satisfaction of their claim, and appellees replied that they were induced to accept the new mortgage through the false and fraudulent representations of appellant.   There was a trial, where the facts were shown to be substantially as follows:   Richard Heisler was indebted to appellees in the sum of $350, evidenced by a note and secured by a chattel mortgage.   There were other chattel mortgages on Heisler's property, and there were judgments against him.   He also owed other debts, among which were an account and note due appellant, amounting to $35.46.   Heisler had a public sale of his property, to which the parties having liens consented.   Appellees, with the other mortgagees, placed their note and mortgage in the hands of appellant, a banker and justice of the peace, who was employed to act as clerk, and to receive the notes and money arising from the sale for the parties entitled thereto, and who was to be paid from the proceeds of the sale for his services.   Property was sold at the sale upon which appellees' mortgage was a lien, and on

which there were no other mortgages or prior liens, amount-
ing to $392.75, for which amount notes were taken by appel-
lant as clerk of the sale under the arrangement made.   On
the evening of the day of the sale, appellees went to appellant
to settle the matters involved in the sale, so far as they were
interested, and appellant then told them that the business
was not wholly completed, but he repudiated his obligation
and responsibility to them, and told them that the notes were
to be cashed and the proceeds applied to the payment of his
claim and other obligations of Heisler, to the exclusion of
appellees.   Appellant offered to get a new mortgage from
Heisler to appellees on corn, which was already mortgaged
to appellant's father, but represented that the corn was sub-
stantially free and clear of that mortgage.   He insisted that
the new mortgage should be made that night on account of
an alleged fear of executions.   Appellees, being ignorant
and not knowing what else to do, took the new mortgage.

The next day appellant notified appellees that there was
$160 due on his father's mortgage, and it afterward turned
out that the land, on which the corn intended to be mort-
gaged was stored, was not described in the mortgage given
to appellees.   Appellant converted the notes taken at the
sale into money.   After learning that there was $160 due
on the first mortgage on the corn, appellees refused to abide
by the agreement under which they took the new mortgage.
After the sale, Heisler let appellees have property amount-
ing to $109 on their claim, leaving a balance of $241, for
which there was verdict and judgment thereon for appellees.

The judgment was clearly right upon the merits.   Appel-
lant occupied a trust relation toward appellees in taking
and holding the notes for property upon which they had a lien,
which called for fair dealing with them.   The evidence
showed a condition of affairs which would authorize setting
aside, in any appropriate form of action, the transaction
by which he sought to profit by a disregard of his duty.
Aside from that the representation made by him, upon which
the new mortgage was taken, concerning the amount due on
the first mortgage, proved untrue.   Appellees had a right

for this cause to disaffirm and call upon appellant to account for the proceeds of the sale, as it was his duty to do at first. Appellant contends, however, that appellees should have been required to prove that they got nothing under the second mortgage. It did not describe any property of the mortgagor, and there is, to say the least, no presumption that they obtained anything under such a mortgage. Again, it is claimed that appellees should have tendered the mortgage back. It was not necessary to do so. In fact, so far as Heisler was concerned, if the mortgage had any value they should keep it, so as to preserve any right under it that appellant might have by way of subrogation upon payment of the debt to appellees.

The judgment will be affirmed.

*Judgment affirmed.*